IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015


**STATE OF TENNESSEE v. KRISTY L. POLAND**

**Appeal from the Criminal Court for Roane County**
**No. 2011-CR-37     E. Eugene Eblen, Judge**

_____

**No. E2014-02521-CCA-R3-CD-OCTOBER 5, 2015**
_____

CAMILLE R. MCMULLEN, J., dissenting.

I respectfully dissent from the conclusion reached by the majority in this case. When establishing the proper amount in restitution owed, the trial court should base the figure on the victim's pecuniary loss as well as the defendant's financial resources and future ability to pay or perform. T.C.A. § 40-35-304(b), (d)-(e) (2010); State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). Furthermore, the payment schedule is not to exceed the term of the sentence imposed. T.C.A. § 40-35-304(c), (g)(2); see also State v. Daniel Lee Cook, No. M2004-02099-CCA-R3-CD, 2005 WL 1931401, at *4 (Tenn. Crim. App. Aug. 10, 2005) (concluding that there was no way the appellant could pay $9,000 in restitution at a rate of $150 per month during a sentence of eleven months and twenty-nine days). Finally, the Tennessee Supreme Court has previously stated that the trial court "simply should [] set the restitution at an amount it believe[s] [the defendant] can pay" rather than attempting to "facilitate payment of its order of restitution." See State v. Mathes, 115 S.W.3d 915, 919 (2003).

In this case, the Defendant-Appellant did not dispute that $8,100 was the fair market value of the items stolen from the victim. However, the testimony adduced at the restitution hearing showed that the Defendant-Appellant lived with her husband, who was disabled, and their three school-aged children. Her sole income at the time of the hearing was from her husband's $1,247 disability check and a part-time job for which she received $500 per month.

In setting the restitution amount, the trial court stated:

Well, the amount is reasonable, $8100.00 part. And of course legally you can't require something that can't happen.

> I'm going to set the monthly payments at $75.00. And we will review this at the beginning of the November term. And this can be extended up to the full range.
>
> And we will see what the progress is like on the first Monday in November of next year.
>
> Of course that doesn't come close to getting the total of it. So we will have to extend that.

Defense counsel then asked, "So, the Court is not taking the income into consideration and reducing the total amount of restitution?" To which the trial court replied, "No." The Defendant-Appellant received a one-year probated sentence, and the trial court ordered her to pay $75 per month to satisfy the $8,100 in restitution owed. Based on my review of the record, the trial court erred in failing to consider the Defendant-Appellant's ability to pay in determining the restitution owed. I would also conclude that the amount of restitution ordered by the trial court is constrained by the sentence imposed. See, e.g., State v. John Tyler Gilley, No. E2011-01627-CCA-R3-CD, 2012 WL 4358731, at *5 (Tenn. Crim. App. Sept. 25, 2012) (concluding that $9,370 at a rate of $90 per month was an improper amount of restitution to be paid during four years of probation).

Even though the majority has decreased the restitution amount owed, I disagree with the $175 per month order, which is more than double the monthly amount originally imposed by the trial court. Based on the monthly income and expenses outlined in the record, I do not believe that the Defendant-Appellant has the financial resources or the future ability to pay this amount. The majority supports its reduction of restitution owed based on defense counsel's comment during the hearing that restitution should be "in the neighborhood of 1,500 or $2,000." However, defense counsel also stressed that the Defendant-Appellant could pay $50 per month because she had only $64 left after expenses. I recognize that the majority deems the two monthly $45 phone bills and $20 weekly tithing to the church as unnecessary. Nevertheless, based on the rather conservative estimate of income and expenses for a family of five, I would reverse the restitution order of the trial court and remand this matter for the limited purpose of determining the restitution owed based on the Defendant-Appellant's financial resources and future ability to pay or perform.

_____
CAMILLE R. MCMULLEN, JUDGE
